Dewey, J.
This was a petition by a creditor who had obtained a judgment against the administrator of his deceased debtor, praying for execution against certain lands of the decedent.- The petition makes the administrator and heirs of the debtor parties, and avers that there were no terre-tenants of the lands against which execution was sought. It contains the averments required by the statute. Some of the defendants were infants, and by their guardian ad litem claimed the protection of the Court. The other defendants, among other pleas, pleaded the following: 1, “That the said debtor did not die' seised in fee-simple of the lands in said petition mentioned, or any part thereof;” 2, “That there were terre-tenants on said lands, who were in possession of the same at the commencement of the suit;” 3, “The said defendants deny each and. every allegation in said petition contained.” These three pleas Avere rejected on the motion of the plaintiff. There was a trial on the other pleas, and a judgment of execution against the lands specified in the petition. The rejection of the pleas is the only error complained of.
The statute on which this proceeding is founded, requires that the petition should set out and describe the real estate of the decedent against which the creditor seeks execution. R. S., 1838, p. 284. This is done in the present case; and the averment is specifically denied by the first plea wrhich was rejected. We think thac plea constituted a good defense under the statute, and that it should not have been rejected.
The plea, that there were terre-tenants, but for the statute would be properly a plea in abatement., But we think the statute requires that terre-tenants, if there be any, should be made parties to the suit, or if there be none it should be so *averred. Williams et al. v. Morehouse et al., May term, 1842. The second plea which was rejected Avas, therefore, correctly pleaded in bar. Perhaps it Avould have been bad on demurrer for not giving the names of the terre-tenants; but there was no cause for rejecting it.
The third plea Avas correctly rejected. It is entirely too *498 general. Besides, it would involve in one issue matters of record, and matters in pais, entirely distinct from each other.
J). Maee, for the plaintiffs.
Z. Baird, for the defendant.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.